**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**PRISCILA FOLETTO,**

**Plaintiff,**

**v.** **Case No. 8:13-cv-2822-T-30MAP**

**ONLINE EDUCATION ADVANTAGE, LLC, et al.,**

**Defendants.**
**_____________________________________/**

# ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion for Default Judgment (Dkt. 13).[1] Upon consideration of the motion, and being otherwise advised in the premises, the Court denies the motion without prejudice.

Plaintiff's complaint seeks unpaid minimum wages, overtime compensation, and other relief under the Fair Labor Standards Act and Florida law against Defendants. Defendants Susan Brown, Jason Argall, and Matthew Argall failed to file any paper in response to the complaint and Plaintiff obtained Clerk's Defaults against them. It appears from a review of the docket that Plaintiff has not obtained service on the remaining Defendants. Notably, the claims for minimum wage and overtime compensation are against all Defendants. Plaintiff's motion for final default judgment seeks a judgment in the amount of **$136,959.37** against Defendants Susan Brown, Jason Argall, and Matthew Argall.

[1] Plaintiff seeks a default judgment from the *Clerk of Court*; the facts of this case do not warrant entry of a final judgment by the Clerk.

"[W]hen a default is entered against one defendant in a multi-defendant case, the preferred practice is for the court to withhold granting a default judgment until after trial on the merits against the remaining defendants." *N. Pointe Ins. Co. v. Global Roofing & Sheet Metal, Inc.*, 2012 WL 5378740, at *1 (M.D. Fla. Oct. 31, 2012) (citing *Northland Ins. Co. v. Cailu Title Corp.*, 204 F.R.D. 327, 330 (W.D. Mich. 2000)). *See also Armstrong v. Martin Marietta Corp.*, 93 F.3d 1505, 1509 (11th Cir. 1996) ("[a]lthough rule 54(b) permits the court, upon a party's motion for entry of final judgment, to direct final judgment as to one or more but fewer than all the parties in a class action where 'no just reason for delay exists,' the court is not required to enter final judgment in an action involving multiple parties.").

The Court concludes that entering a default final judgment at this stage raises the risk of inconsistent verdicts because the remaining Defendants may choose to defend this action and may succeed on the merits.

It is therefore ORDERED AND ADJUDGED that Plaintiff's Motion for Default Judgment (Dkt. 13) is denied without prejudice to be reasserted, to the extent appropriate, when this case becomes ripe for final resolution.

**DONE** and **ORDERED** in Tampa, Florida on December 16, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**<u>Copies furnished to:</u>**
Counsel/Parties of Record

S:\Even\2013\13-cv-2822.denydefaultFJaspremature.wpd