# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**PRISCILA FOLETTO,**

     **Plaintiff,**

**v.**                               **Case No.  8:13-cv-2822-T-30MAP**

**ONLINE EDUCATION ADVANTAGE,**
**LLC, et al.,**

     **Defendants.**
_____/

## ORDER and NOTICE OF HEARING

THIS CAUSE comes before the Court upon Plaintiff's Second Motion for Default Judgment (Dkt. 19).[1] Upon consideration of the motion, and being otherwise advised in the premises, the Court defers ruling on the motion pending an evidentiary hearing.

Plaintiff's complaint seeks unpaid minimum wages, overtime compensation, and other relief under the Fair Labor Standards Act ("FLSA") and Florida law against Defendants. Defendants Susan Brown, Jason Argall, and Matthew Argall failed to file any paper in response to the complaint and Plaintiff obtained Clerk's Defaults against them.  Plaintiff's motion for final default judgment seeks a judgment in the amount of **$136,959.37** against Defendants Susan Brown, Jason Argall, and Matthew Argall.  Specifically, Plaintiff's damages are as follows: overtime compensation and liquidated damages ($3,238.30); unpaid

---

[1] The Court denied Plaintiff's first motion for default judgment as premature because there were remaining Defendants in this case.  Subsequently, Plaintiff filed a notice of voluntary dismissal as to these remaining Defendants.  Accordingly, this matter is now ripe for the Court's disposition.

wages ($13,000); 1% average monthly earnings of Defendant Online Education Advantage, LLC ("OEA") between January 8, 2013 and June 18, 2013 ($100,341.43); attorney's fees ($19,762.50); and costs ($617.14).

Upon review of the motion, including the attached documents, the Court concludes that an evidentiary hearing is necessary for the following main reasons.[2]  First, the generic allegations of the complaint are insufficient to establish  Defendants Susan Brown, Jason Argall, and Matthew Argall's individual liability under the FLSA.  The Court will need to hear testimony from Brown, Jason Argall, and Matthew Argall about their roles and responsibilities at OEA, Plaintiff's employer.

Second, although Plaintiff's affidavit provides evidence of her hours, there is nothing in the complaint or the record establishing any basis for the purported contract between OEA and Plaintiff in which it was "agreed that every month from September of 2012 until April of 2013, [Plaintiff] would earn compensation equaling 1% of the total monthly gross earnings of OEA, in exchange for working to further OEA's interests in Brazil."  (Dkt. 19-1). Plaintiff's motion for default judgment seeks damages in the amount of $100,341.43 related to this breach of contract claim.  The alleged contract is not attached to the complaint or otherwise described.  And there are no allegations in the complaint or Plaintiff's affidavit establishing that Brown, Jason Argall, and Matthew Argall were parties to this alleged contract.  Brown is not even included in the breach of contract claim (although Plaintiff seeks these damages against Brown).  Accordingly, testimony on this issue is warranted.

---

[2] These reasons are not meant to be exclusive; Plaintiff shall be prepared to explain the basis for all of the requested damages.

Finally, Plaintiff should be prepared to explain the reasonableness of the amount of attorney's fees.

It is therefore ORDERED AND ADJUDGED that:

1.      The Court DEFERS RULING on Plaintiff's Second Motion for Default Judgment (Dkt. 19).

2.      Plaintiff's Second Motion for Default Judgment (Dkt. 19) is scheduled for an EVIDENTIARY HEARING on **TUESDAY, FEBRUARY 25, 2014, AT 9:15 A.M.** before the undersigned at the U. S. Sam Gibbons Courthouse, 801 North Florida Avenue, Courtroom #13A, Tampa, Florida 33602.   Time reserved: Up to three (3) hours.

3.      Plaintiff shall effect service of process on Defendants Susan Brown, Jason Argall, and Matthew Argall of the instant Notice of Hearing and Plaintiff's Second Motion for Default Judgment (Dkt. 19), including the attachments to same within twenty (20) days of this Order.

**DONE** and **ORDERED** in Tampa, Florida on December 19, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>**Copies furnished to:**</u>
Counsel/Parties of Record

S:\Even\2013\13-cv-2822.hearingnotice-mtfordefaultjudgment.wpd